### PEOPLE ex rel. McGRATH v. COOPER.

(Supreme Court, Appellate Division, Second Department. October 3, 1902.)

1. CUSTODY OF INFANT—DISCRETION OF COURT.
     Discretion of the court of original jurisdiction in refusing an aunt, without means, custody of an orphan girl 12 years old, in the custody of persons of means and proper character, the girl being contented and well cared for, will not be interfered with.

Appeal from special term.

Habeas corpus, on relation of Anna McGrath, against Sarah Cooper. From an order dismissing the writ, relator appeals. Affirmed.

¶ 1. See Infants, vol. 27, Cent. Dig. § 19.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Felix Reifschneider, Jr., for appellant.

John Lyon, for respondent.

WOODWARD, J. Alice Terry is an infant about 12 years of age. In December, 1899, she was taken into the home of Sarah Cooper, the respondent, and has since that time resided with the said Sarah Cooper. The mother of Alice died soon after the latter was taken into the home of the respondent, and the father married again, and has since died. The stepmother of Alice has remarried. She was very poor, and consented that the respondent take Alice, and bring her up as her own child; and formal papers were entered into with this object in view, though it may be questioned whether these have any legal force. The relator, Anna McGrath, is a maternal aunt of Alice. The learned court at special term, after taking the proofs of the parties, dismissed the writ, and from the order entered thereon this appeal is taken.

The learned justice presiding at special term, in a memorandum, says:

"The child gives every evidence of having been well cared for. She is contented where she is, and the husband and wife appear to be people of superior intelligence and of excellent character. They have no children. They have the ability to care for the child and educate her. They seem to have a strong affection for her, and, in my opinion, her prospects for the future will be better with them than with her relatives."

The welfare of the child being the principal consideration, and it appearing to the satisfaction of the court, upon evidence fully justifying its conclusion, that the child is neither deprived of her liberty nor endangered in her morals and general well-being, this court is not justified in interfering with the disposition which has been made of the writ. The court of appeals has held that considerations affecting the health and welfare of a child may justify the court in withholding the custody of it temporarily even from the father acting as its legal guardian, and that they were so purely matters of discretion with the court of original jurisdiction that that tribunal would not review the conclusion thereon unless some manifest error or abuse of power is made to appear. In re Knowack, 158 N. Y. 482, 491, 53 N. E. 676, 44 L. R. A. 699, and authorities there cited. There is certainly no good reason why the relator, a maternal aunt of the child, who testifies that she works out for a livelihood, and who is not shown to have any means for providing for the child, should be permitted to take her from a good home, especially as the child, now about 12 years of age, manifests no desire to make the change.

The order should be affirmed, without costs. All concur.